## SUPREME COURT.

JOHN W. BARKER and others agt. WILLIAM W. WHEELER.

A motion to set aside an order of *arrest* cannot be made *after judgment,* although the arrest be made but a *few hours* before the entry of judgment. (*Thus the practical effect of* § 204 *of the Code is, to allow a plaintiff in any and every case, to serve his order of arrest before, but so near the entry of judgment, that the defendant will be* PRECLUDED *from moving to set aside the order.*)

*Fifth District General Term, May,* 1862.

THE plaintiffs procured an order of arrest against the defendant, and caused it to be served on him on the 25th day of September, 1861, about 11 A. M. On the same day, about half past five P. M., a judgment by default was entered up against the defendant in this action. The defendant moved upon affidavits to set aside the order of arrest. The plaintiffs resisted the motion upon new affidavits, but the court vacated the order, with costs, and from this order the plaintiffs appeal to the general term.

HUNT, GREEN & FRYER, *plaintiffs' attorneys.*
CONKLING & THROOP, *defendant's attorneys.*

By the court, MULLIN, Justice. I am of the opinion that on the facts presented by the papers on this appeal, the learned justice was right in granting the motion to set aside the order of arrest. The defendant's affidavits fully meet and rebut the allegations on which the order was granted. The plaintiffs' counsel insist, however, that the defendant could not move, after judgment was entered, to vacate said order.

The Code (§ 204) provides " that a defendant arrested may, at any time before judgment, apply on motion to vacate the order of arrest, or reduce the amount of bail." If there was no statutory provision or rule of practice in the way, there could be no doubt of the power of the court to

relieve a defendant improperly arrested, at any time. It only remains to inquire whether the provision of the Code above cited, takes away from the court the power to grant relief, or whether there is some rule of practice which has that effect.

The language of section 204 is, that a defendant, &c., at any time before judgment, may apply on motion to vacate the order, &c. Judgment was in fact entered before the motion was made, and hence if the provision is obligatory and not permissive, the motion was too late, and the order must be reversed. Although the language of the section is permissive, still that is by no means decisive, for in the construction of statutes, " *may*" not unfrequently has the force of the imperative " *must*" or " *shall*," and the latter words have no greater force than " *may*."

In order to ascertain somewhat more clearly than is disclosed by the words of the statute, what the intention of the legislature was in enacting the section cited, let us ascertain what the practice was in regard to motions to vacate arrests, before the enactment of the Code.

At common law, in those cases in which the defendant might be arrested and was obliged to give special bail, he was entitled, after arrest, to an order from a judge at chambers, requiring the plaintiff to show cause of action at a time and place to be specified in the order. ( *Graham's Pr.,* 159.) The plaintiff, at the time and place designated, produced the affidavit on which the defendant was held to bail, or one prepared for the occasion ; and thereupon the judge either permitted the defendant to introduce counter affidavits, vacated the order to show cause, or discharged on common bail, or on indorsing an appearance on the writ, or he mitigated the bail. ( *Graham's Pr.,* 162.) If the defendant was a privileged person, or for any other reason was not subject to arrest, the judge discharged him on filing common bail. If he was arrested without an affidavit to hold to bail, or without a judge's order of arrest ; or if

the affidavit to hold to bail was defective, the judge discharged the defendant on filing common bail, or indorsing his appearance. (*Graham's Pr.*, 163.) When the defendant had voluntarily given bail, without being arrested, it was held that he had thereby waived objection to the affidavit to hold to bail. (*Id.*, 163.) Nor could the affidavit be objected to after bail had been perfected, or even put in, or after plea, or after judgment by default and notice of executing a writ of inquiry. (*Id.*, 164.)

It will be perceived that if the common law practice was in force, the motion to set aside the order of arrest could not be made after judgment.

The Code swept away the old practice and substituted its own provisions in the place, and in many instances adopted the rules of the old practice into the new. Section 179 of the Code of 1848 provided that a defendant arrested may, at any time " *before the justification of bail,*" apply on motion to vacate the order of arrest, &c. By section 167 of the Code of 1848, and the subsequent sections, it was the duty of the sheriff to deliver to the plaintiff's attorney the undertaking of bail, and the attorney had ten days within which to except to the bail, and if he did not, he was deemed to have accepted it. If the bail was excepted to, it was made the duty of the sheriff or the defendant to justify the bail, or put in new bail on notice to the plaintiff. If the bail was allowed, the sheriff was discharged; if not allowed, new bail must have been put in. Bail became justified at the end of ten days from the delivery of the undertaking by the sheriff to the plaintiff's attorney, and also an allowance after exception and notice of justification. This uncertainty as to when the motion to set aside the order of arrest under the provisions of the Code above cited, might be made, led to the amendment of the section prescribing the time within which the motion must be made, by striking out the words " *the justification*

*of bail*," and inserting in lieu thereof the word "*judgment*," so as to make the section (204) read as copied above.

Before the amendment, the section (179) was treated by the courts as mandatory. (*Barber* agt. *Hubbard*, 3 *Code R.*, 156–169; *Lewis* agt. *Truesdell*, 1 *Code R.*, *N. S.*, 106; *Barker* agt. *Dillon*, *id.*, 206.)

If such was the correct interpretation of the provision before the amendment, it is none the less so now.

We have, then, 1st. The well settled practice of the courts before the adoption of the Code, which would not permit a defendant to move to set aside his arrest after judgment; 2d. The Code as first adopted, prescribing a time within which the motion might be made and the courts held it to be mandatory; and 3d. An amendment of the same provision, without altering in any sense the meaning of the section.

It seems to me we must hold, in view of the authorities, that the motion cannot be made after judgment. If we should disregard the statute altogether, and fall back on the practice as it was before the Code, the same result must follow.

The defendant's counsel insists that the construction above suggested ought not to be given to the section of the Code under consideration, because by the alteration in the practice, brought about by the Code, the right which the former practice secured to the defendant to be released from arrest, is, under the construction we place on the 204th section, taken away, or it may be defeated by the plaintiff serving the order so near the time of recovering judgment as to altogether prevent the defendant from making his motion " *before judgment.*"

It is true, that if we are right in our construction, the plaintiff may in all cases defeat a motion to set aside the order of arrest. But the remedy is not with the court. A case has occurred which the codifiers did not anticipate, and which requires legislative interference to prevent injus-

tice. That it was the intention of the authors of the Code to designate a time before which the motion must be made, I entertain no doubt, and it is for the legislature to furnish a remedy against the abuse to which the section under consideration gives rise.

I am of the opinion the order appealed from should be reversed.